| | | |
|---|---|---|
| **CEDRIC DENT** | * | **NO. 2025-K-0521** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **STATE OF LOUISIANA** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**SCJ** **JENKINS, J., DISSENTS AND ASSIGNS REASONS**

I would deny the State of Louisiana's request for reconsideration of the trial court's February 10, 2025 judgment denying its request to stay Mr. Dent's wrongful conviction compensation proceedings. This Court and the Supreme Court denied writs in that matter. *See Dent v. State*, 2025-K-0118 (La. App. 4 Cir. 2/21/25) and *Dent v. State*, 2025-00263 (La. 3/12/25), 402 So.3d 1213 (Mem). The State's renewed motion to stay Mr. Dent's August 22, 2025 trial date does not warrant reconsideration for the reasons that follow.

Subsequent to the denial of the aforementioned writ applications, the Supreme Court granted supervisory writs to consider the same procedural issue raised by the State—namely, whether a wrongful conviction compensation proceeding brought under La. R.S. 15:572.8 should be stayed pending the conclusion of a parallel federal action civil rights action based on the same prosecution.[1] However, the majority's suggestion that a stay of Mr. Dent's trial is warranted to avoid "inconsistent outcomes, to preserve judicial resources, and to maintain procedural parity. . ." is misplaced.

---

[1] On July 31, 2025, Supreme Court granted supervisory writs in *Williams v. State*, 2025-KK-0688.

1

Mr. Dent's federal 42 U.S.C. Section 1983 civil rights complaint against the Orleans Parish District Attorney's Office (OPDA) and District Attorney Jason R. Williams, in his official capacity, alleges the OPDA violated his constitutional rights by suppressing *Brady* material. In order to recover, Mr. Dent has to prove the OPDA's conduct deprived Mr. Dent of his constitutional rights. In contrast, to recover in a state wrongful conviction compensation action, Mr. Dent has to prove his factual innocence by clear and convincing evidence.[2] The federal and the state claims present different causes of action and different evidentiary standards of proof. Mr. Dent's ability to prevail in the state action does not hinge on the outcome of the federal proceedings. The federal proceedings have no impact on Mr. Dent's state proceedings. Similarly, Mr. Dent's wrongful conviction compensation claim in state court is not dependent on his cause of action in federal court.

Moreover, the majority fails to demonstrate any irreparable harm or a denial of fundamental fairness to the State in the event Mr. Dent is allowed to proceed with his action pending resolution of *Williams v. State*, 2025-KK-0688. Indeed, the only actual harm that may be incurred is by Mr. Dent who will be abruptly denied his day in court on a matter previously decided as to Mr. Dent by this Court and the Supreme Court.

Under these circumstances, I find no reason to stay Mr. Dent's imminent trial date pending resolution of this procedural matter. Accordingly, I dissent and would deny the State's writ application.

---

[2] Louisiana Revised Statute 15:572.8(A)(2) permits compensation for wrongful conviction and imprisonment where '[t]he petitioner has proven by clear and convincing evidence that he is factually innocent of the crime for which he was convicted."